# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICKY RIMMER-BEY,

        Petitioner,                    Case Number: 2:86-CV-40574
                                                            HONORABLE PAUL D. BORMAN

v.

DALE FOLTZ,

        Respondent.
_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE SIXTH CIRCUIT COURT OF APPEALS

In 1986, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1976 convictions for first-degree felony murder and armed robbery. The Court initially granted the petition for a writ of habeas corpus based upon the trial court's erroneous evidentiary ruling. *See* 4/14/1988 Memorandum Opinion and Order, Dkt. #11.[1] Respondent filed a motion to alter or amend the order granting habeas relief. The Court granted Respondent's motion, finding the evidentiary ruling to be harmless error, and vacated the order granting habeas corpus relief. *See* 7/21/1988 Memorandum Opinion and Order, Dkt. #16. The Sixth Circuit Court of Appeals affirmed the denial of habeas corpus relief. *Rimmer-Bey v. Foltz*, No. 88-1929, 1990 WL 163265 (6th Cir. 1990). Petitioner has now filed a Motion for Relief from Judgment Pursuant to Fed. R.

---

      [1] The Honorable Stewart A. Newblatt presided over this case until his retirement in 1993.

Civ. P. 60(b)(6). The motion seeks relief based upon a claimed intervening change in the law. The Court transfers the motion to the Court of Appeals so Petitioner may seek permission to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b)(3).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). Absent authorization from the Court of Appeals for the filing of a successive petition, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition. *Id.* at 473-74. When a petitioner files a successive petition without prior authorization, a district court must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the claim appears to be. *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015), citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), on the ground that an intervening change in law should alter the Court's disposition of his petition. In *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id.* at 530-31. For purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 531. By

contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532. A Rule 60(b) motion that seeks relief from judgment on the basis of a subsequent change in substantive law "is in substance a successive habeas petition." *Id.* at 531. Because Petitioner's motion relies upon an intervening change of law, it is a successive habeas petition. Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, IT IS ORDERED the Clerk of the Court shall TRANSFER the Motion for Relief from Judgment (ECF # 2) to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS FURTHER ORDERED that Petitioner's Motion to Supplement (ECF #5) is DENIED AS MOOT.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2017.

s/Deborah Tofil
Case Manager

3